IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS KEIST, Inmate #K84437,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-304-MJR** |
| ) | |
| **DR. SANTOS and BRAD J. ROBERT,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Plaintiff states that on August 6, 2003, he was seen in the Centralia Correctional Center's Health Care Unit "HCU" for stomach "problems" and he was given Mylanta. On August 12, 2003, he was seen in the HCU for "knife-like cramping and diarrhea." He returned to the HCU on August 20, 2003, for the same problem and was given Zantac. He saw a physician on September 8, 2003. A test for H. pylori was run and a stool sample was taken and Plaintiff was prescribed tylenol and protonix. A November 8, 2003, abdominal x-ray indicated nothing abnormal. On November 9, 2003, Plaintiff was given an upper G.I. exam that revealed a small hiatal hernia. The physician prescribed Prilosec.

On May 31, 2004, Plaintiff returned to the HCU, complaining of abdominal pain. He saw a physician on June, 2, 2004, who referred Plaintiff to a gastroenterologist. On August 5, 2004, the specialist performed an upper endocscopy that revealed a large hiatal hernia. Plaintiff returned to the HCU on August 13, 2004, complaining of abdominal pain. He was prescribed protonix. Plaintiff was seen in the HCU again on August 24, 2004, for abdominal pain. Plaintiff saw the physician on October 15, 2004. He told Plaintiff that his x-ray was normal except for a small kidney stone that did not require treatment and that he would receive no additional treatment for abdominal pain. On November 16, 2004, Plaintiff saw a nurse at the HCU for abdominal pain who told him that "there's nothing else we can do for you," but she did make him an appointment to see the physician. The physician told Plaintiff to watch his diet and exercise. Plaintiff returned to the HCU for pain in the lower left quadrant on November 23, 2004, but "nothing was done about it." Plaintiff states that the nurse would not listen to his complaints. Plaintiff saw a physician on December 30

or 31, 2004, and suggested to the doctor that he might have diverticulitis. The physician told Plaintiff that he might have diverticulosis but could not have diverticulitis, because if he did he would have a high fever and would be unable to have a bowel movement. The physician again told Plaintiff to watch his diet and exercise. Plaintiff states that the physician became irate after Plaintiff asked him which foods to avoid. Plaintiff states that he has not seen a physician since, but that he continues to have severe pain in the lower left quadrant.

## LEGAL ANALYSIS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However,

the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The allegations described by Plaintiff do not state a claim of deliberate indifference to a

serious medical need. Plaintiff complained of abdominal pain and after each complaint was seen by either a doctor or a nurse. He was given a number of diagnostic tests in an effort to determine the nature of his problem. This is not deliberate indifference. The Court sympathizes with Plaintiff's condition, but the facts, as described by Plaintiff, do not state a constitutional claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 1st day of December, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**